IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| BRENDON L. HANNON and<br>VICKI HANNON;<br>    Plaintiffs,<br><br>    v.<br><br>OFORI THEOPHILLUS ODURO,<br>And ARAMARK UNIFORM &<br>CAREER APPAREL, LLC;<br>    Defendants.<br>_____ | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.: 7:22-CV-00053 |

## **ORDER**

Before the Court is the Parties' Joint Motion to Appear Telephonically at the Initial Scheduling/Discovery Conference. (Doc. 8.) The Parties move to appear telephonically as they "wish to avoid the expense associated with travel, and believe they are capable of having a meaningful conference with the Court by telephone." (*Id.* at 2). After extensive review and consideration of the importance and critical role discovery plays in civil litigation, it has long been the Court's practice to require in-person attendance of counsel at the initial discovery conference except in exceptional circumstance. One such exceptional circumstance was the Court's recent COVID-19 Pandemic Moratorium. Rather than being an unnecessary expense, an in-person meeting with the Court at an early stage of proceedings is in fact likely to result in entirely a more efficient and cooperative discovery process favorably and beneficially for the Parties and, thereby, the reduction of overall discovery expenses.

The Parties were noticed that in person attendance is required at the initial discovery conference, in this Court's Rule 16/26 Order. (Doc. 6.) Pursuant to that Order, requests for telephonic conference would be considered upon a "timely written motion in exceptional circumstances only." (Doc. 6.) No exceptional circumstances have been shown which persuade the Court to depart from its longstanding position, and the Court finds no superior benefit from allowing counsel to attend telephonically for the reasons counsel provide.

Accordingly, the Parties Joint Motion to Appear Telephonically (Doc. 8) is **DENIED**. Counsel for both parties shall attend the Initial Scheduling/Discovery Conference in-person.[1]

**SO ORDERED**, this 14th day of July, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes that it freely grants motions for telephonic discovery proceedings following the in-person initial discovery conference.