IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BRENDON L. HANNON and VICKI HANNON, | : : : : |
| Plaintiffs, | : : |
| v. | :  CASE NO.: 7:22-CV-00053 (WLS) |
| OFORI THEOPHILLUS ODURO and ARAMARK UNIFORM & CAREER APPAREL, LLC; | : : : : : |
| Defendants. | : |

## ORDER

Before the Court is Defendants' "Notice of Intent to Mediate" filed on August 18, 2022. (Doc. 12.) Therein, Defendants inform this Court that the parties have mutually agreed to mediate on October 19, 2022. (*Id.*) This Court previously provided the Parties with the Discovery and Scheduling Order (Doc. 11) on August 4, 2022. And in that Discovery and Scheduling Order, the Court advised the Parties about the option of mediating or engaging in some form of alternative dispute resolution ("ADR") or settlement negotiation before the completion of discovery. (*Id.*) In doing so, the Court also directed counsel that they must notify this Court in writing within fourteen days from the Discovery and Scheduling Order about whether ADR was a viable option for the Parties. (*Id.*)

Here, the Defendants have timely submitted their "Notice of Intent to Mediate" (Doc. 12), within fourteen days since this Court issued the Discovery and Scheduling Order. (Doc. 11.) Although the Discovery and Schedule Order noted that the time required to pursue mediation or some form of ADR would not be more than thirty days once Parties timely notified the Court about pursuing mediation or other forms of ADR, Defendants also ask for thirty-two *additional* days by informing the Court that Parties will mediate on October 19, 2022. Because the Defendants have timely notified the Court in writing, the Court finds good cause

1

to allow Parties to mediate on October 19, 2022, which is a total of sixty-two days from Defendants' Notice of Intent to Mediate, filed on August 18, 2022.

Accordingly, the Defendants' plan or agreement to mediate on October 19, 2022, and agreed to by Plaintiffs, is hereby **GRANTED**, and the following deadlines are extended as follows:

(2) Motion to join another party or amend pleadings are due by **Thursday, December 1, 2022**.

(3) Fact discovery must be completed by **Monday, March 27, 2023**, unless extended by the Court for good cause shown upon timely written motion by either party.

(4) Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

(5) Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Monday, April 24, 2023**. In the event that discovery is extended, all dispositive motions must be filed no later than **thirty days** after the close of discovery.

(6) Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs.

(7) If necessary, each party must serve upon other parties the disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)–(B) of the Federal Rules of Civil Procedure, by the following dates: **Plaintiff's case-in-chief— Monday, January 2, 2023; Defendant's case-in-chief— Tuesday, January 31, 2023;**

**Plaintiff's Rebuttal—Thursday, March 2, 2023; Defendant's Rebuttal — Tuesday, January 31, 2023.**

(8) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:

- (i) **Monday, April 24, 2023**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty days** after the close of discovery;
- (ii) **Monday, May 15, 2023**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one days** after the dispositive motion deadline; or
- (iii) **fourteen days after notice of the pretrial conference is entered,** if the motion relates to a trial witness or issue and if necessary, the motion will be heard at the pretrial conference.

(9) Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

(10) If a protective order is necessary, a joint proposed protective order or motion for protective order must be filed **no later than 30 days after entry of this Order.**

Based upon the foregoing schedule, this case tentatively[1] should be ready for trial to commence on **Monday, August 7, 2023**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

**SO ORDERED**, this 23rd day of August 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] As the Court explained, the actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.

3